UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD CUCIAK,

Defendant.
_____/

CASE NO. #00-6055 CR-ZLOCH

JUDGE: ZLOCH

## MOTION FOR DOWNWARD DEPARTURE, OBJECTIONS TO P.S.I. AND MEMORANDUM OF LAW

COMES NOW the defendant, RICHARD CUCIAK, by and through undersigned counsel and respectfully requests that this Honorable Court depart downward from defendant's sentencing guideline range of 18 to 24 months (see page 20, paragraph 75 P.S.I.R) and objects to Paragraph 85 of the P.S.I. In support, therefore defendant would state as follows:

### GROUNDS FOR DOWNWARD DEPARTURE

Defendant requests that this Court consider a downward departure from the above stated guideline range under Section 5k2.13 Diminished Capacity, 18 U.S.C.A. and objects to paragraph 85 (Part E) of the Revised presentence Investigation Report, ("P.S.I.") wherein it is stated that "there are no factors that warrant a departure from the guideline range" upon the following grounds:

The Supreme Court in Koon v. United States, 518 U.S. 81, 116 S.Ct. 2035 (1996), the seminal Federal Sentencing Guideline case, reaffirmed that the judiciary has the independence to grant departures noting that there is room under the guidelines for judges to exercise discretion. Id at 2053. The Supreme Court specifically stated that district judges must have discretion to impose

1

individualized sentences because "(I)t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." Id.

Further, the Supreme Court in Koon, supra, approved Associate Justice Breyer's explanation that "a sentencing court considering a departure should ask the following questions:

1. What features of the case, potentially, take it outside the Guidelines, 'heartland' and make it a special or unusual case?

2. Has the Commission forbidden departures based on those features?

3. If not, has the commission encouraged departures based on those features?

4. If not, has the commission discouraged departures based on those features?"

Id. at 2045. (citation omitted).

The text of Section 5K2.13 is as follows:

5K2.13.   Diminished Capacity   (Policy Statement)

A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering form a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public.  If a departure is warranted, the extent of the departure should reflect

2

the extent to which the reduced mental capacity contributed to the commission of the offense.

## Commentary

*Application Note:*

1. *For purposes of this policy statement -*

*"Significantly reduced mental capacity" means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful.*

It appears that the decision of U.S. v. Steele, 178F. 3d 1230, C.A. 11 (Fla.)(1999) is the only Eleventh Circuit Court of Appeals case that presents an application of Section 5K2.13, supra.

Steele, supra, involved an appeal from the conviction of a pharmacist for dispensing controlled substances and a downward departure for diminished capacity. The Steele Court, in vacating the sentence and remanding the case for resentencing under the current above quoted version of Section 5K2.13, stated as follows at pages 1240 and 1241:

The fifth ground relied upon by the district court was that Steele had incurred a "serious medical problem" that had affected his mental functioning at the time of the offenses. The Commission expressly encourages district courts to consider whether the defendant suffered from "significantly reduced mental capacity" at the time of the offense when deciding whether to grant a downward departure. U.S. Sentencing Guidelines Manual 5K2.13. In order to warrant a departure, the diminished capacity must be linked to the commission of the offense. See United States v. Miller, 146

3

F.3d 1281, 1285 (11th Cir. 1998), cert. denied, --- U.S. ---, 119 S.Ct. 915, 142 L.Ed. 2d 912 (1999).

During the pendency of this appeal, the Sentencing Commission amended section 5K2.13 by completely replacing the text of the section and adding an application note. See U.S. Sentencing Guidelines Manual 5K2.13 (1998). The application note defines "significantly reduced mental capacity" to mean that the defendant "has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." Id. application n.1. The amended section also provides that, "[i]f a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense." Id. 5K2.13. The district court made no specific findings whether Steele's diminished mental capacity contributed to the commission of the crime. Given our earlier conclusion that the district court abused its discretion in relying on the first four grounds for the downward departure granted in this case, we conclude that the present sentence must be vacated and a new sentencing hearing held. During the new sentencing hearing, the amended version of section 5K2.13 will apply. The opportunity thus arises for the district court to determine in the first instance whether the evidence regarding Steele's mental condition continues to justify a downward departure according to the new language. Moreover, if the court determines that a downward departure indeed is warranted, the court may assess anew the extent of the departure in light of its findings of how much the impairment

4

contributed to the commission of the offense. We therefore decline to reach a conclusion whether the district court abused its discretion in departing on this ground and instead remand the issue to the district court to reassess in light of the changes in the law and posture of this case.

Accordingly, the <u>Steele</u> decision, supra, stated that the Commission encourages the use of diminished capacity as a downward departure, and further, adopted the section 5K2.13 language, supra, verbatim as <u>the</u> basis for considering a downward departure based upon diminished capacity.

Defendant submits that this Court has ample information to consider a downward departure for defendant within the context of Section 5K2.13, supra, for the following reasons:

The confidential Psychological Evaluation of the defendant by William G.L. Ryan, Ph.D., ICADC, DABFE, DABPS and Janice Wilmoth, Ph.D., Psy.D., ICADC of the Family Institute, 1144 Southeast Third Avenue, Fort Lauderdale, Florida 33316 being concurrently submitted for review by this Court. Copies of the Report were furnished to AUSA Kathleen Rice and U.S. Probation Officer, Tracy L. Webb, through facsimile on November 28, 2000 the same date that undersigned counsel received same from Family Institute. The Report is hereafter referred to as the "Report".
Defendant submits that an examination of the Report provides a basis for this Court to determine that defendant has, pursuant to the Application Note 1, of Section 5K2.13, supra, "a significantly impaired aability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful", and accordingly, that the defendant, although convicted, committed the offense while suffering from a "significantly reduced mental capacity".

In addition, defendant submits that, in terms of the three (3) factors described in the main

5

body of Section 5K2.13, supra, that serve to preclude a downward departure, the Court need not preclude downward departure in this matter. The first factor, pertaining to the use of drugs, was addressed in the Report and the Report examiners reported that defendant's reduced mental capacity was separate from defendant's drug and alcohol use problem. The second factor, pertaining to an offense involving violence or a threat thereof is not applicable to this case. The third and remaining factor, pertaining to the need to incarcerate to protect the public, does not preclude departure. Defendant's prior criminal history basically involves durg and/or alcohol related offenses including the resisting with violence offenses and, further, the most recent resisting with violence adjudication occured in excess of four (4) years ago.

Again, defendant submits that consideration of a downward departure is proper for the reasons above given. If the Court does determine that a departure is warranted, then Section 5K2.13 states that the "extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the crime". Defendant submits that the Report provides a basis for this Court to conclude that defendant's reduced mental capacity contributed up to one hundred percent to the commission of the crime.

Accordingly, defendant requests a downward departure to the bottom of the Guidelines and a noncustodial sentence.

Defendant's counsel has contacted AUSA, Kathleen Rice in order to determine whether she has any objection to this Motion, and she has stated that she, as of yet, has no position.

Respectfully submitted.

6

*David S. Bowman* (signature)

David S. Bowman, Esq.
Attorney for the Defendant
One East Broward Blvd.
Suite 700
Ft. Lauderdale, FL 33301
Tel: (954) 356-0434
Fax:     356-0438

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been provided by U.S. mail and facsimile to AUSA Kathleen Rice, c/o the Office of the United States Attorney 500 E. Broward Boulevard, 7th Floor, Fort Lauderdale, Florida 33394-3002, and Tracey Webb, c/o U.S. Probation, 299 E. Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301 this ___ day of November, 2000.

*David S. Bowman* (signature)

David S. Bowman, Esq.